**ANDERSON KILL & OLICK, P.C.**
1251 Avenue of the Americas
New York, New York 10020-1182
Todd E. Duffy
Dennis J. Nolan
Tel: (212) 278-1000
Fax: (212) 278-1733
*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>USA UNITED FLEET, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-45867 (JF)<br><br>Joint Administration Requested |

**EX PARTE APPLICATION OF THE DEBTORS FOR ORDER SHORTENING TIME PERIOD FOR NOTICE PURSUANT TO FED .R. BANKR. P. 9006(c)(1) AND 9007 AND LOCAL BANKRUPTCY RULE 9077-1 AND SCHEDULING HEARING ON: (A) THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363 APPROVING THE USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001; AND (B) THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION; (II) AUTHORIZING THE DEBTORS TO PAY WITHHOLDING AND PAYROLL-RELATED TAXES AND (III) DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS AND TRANSFERS FOR PAYMENT OF EMPLOYEE OBLIGATIONS**

---

[1] USA United Fleet, Inc. is also known as Shoreline Fleet, Inc. ("**United/Shoreline Fleet**") (EIN: 2027). In addition to United/Shoreline Fleet, the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: USA United Holdings, Inc., a/k/a Shoreline Merge, Inc. ("**United Holdings**" or "**Shoreline Merge**") (EIN: 2108); United Tom Tom Transportation, Inc., a/k/a Shoreline Buses, Inc. ("**United Tom Tom**" or "**Shoreline Buses**") (EIN: 2052); USA United Bus Express, Inc., a/k/a Shoreline Bus Express ("**United Bus**" or "**Shoreline Express**") (EIN: 2102); USA United Transit, Inc., a/k/a Shoreline Pupil Transit, Inc. ("**United Transit**" or "**Shoreline Pupil**") (EIN: 2039); United Fleet, Inc. ("**United Fleet**") (EIN: 2431); Tom Tom Escorts Only, Inc. ("**Tom Tom Escorts**") (EIN: 3612); and Shoreline Transit, Inc. ("**Shoreline Transit**") (EIN: 3428).

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their proposed counsel, Anderson Kill & Olick, P.C., hereby submit this ex-parte application (the "**Application**") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to Fed. R. Bankr. P. 9006(c)(1) and 9007 and Local Bankruptcy Rule 9077-1(c), shortening the time period for notice under Fed. R. Bankr. P. 2002(a)(2), and scheduling a hearing on the following motions filed by the Debtors: (1) Debtors' Motion for entry of interim and final orders pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 approving the use of cash collateral, providing adequate protection and setting a final hearing pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Cash Collateral Motion**"); and (2) Motion of the Debtors for Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Obligations and (B) Continue Employee Benefit Plans and Programs Postpetition; (II) Authorizing The Debtors to Pay Withholding and Payroll-Related Taxes and (III) Directing All Banks to Honor Prepetition Checks and Transfers for Payment of Employee Obligations (the "**Employee Wages Motion**"), which were filed earlier today. In support of the Application, the Debtors rely on the Declaration of Todd E. Duffy Pursuant to Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Duffy Declaration**") and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Fed. R. Bankr. P. 2002(a)(2), 9006(c), 9007 and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Bankruptcy Rules**").

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief (the "**Chapter 11 Cases**") pursuant to chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101-1552) (the "**Bankruptcy Code**").

5. The Debtors continue to operate their business and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this case.

6. Information regarding the Debtors' businesses and the events leading to these Chapter 11 Cases is set forth in the Declaration of William Moran in Compliance with Rule 1007-4 of the Local Bankruptcy Rules (the "**1007-4 Declaration**"), filed concurrently herewith.

## RELIEF REQUESTED

7. Earlier today, the Debtors have filed the Cash Collateral Motion and, contemporaneously with this Application, have filed the Employee Wages Motion. By this Application, the Debtors seeks the entry of an Order limiting and shortening the 21 day notice period required under Fed. R. Bankr. P. 2002(a)(2) with respect to the proposed use, sale or lease of the Debtors' properties pursuant to Fed. R. Bankr. P. 9006(c), 9007 and Local Bankruptcy Rule 9077-1 and scheduling a hearing on the Cash Collateral Motion and Employee Wages Motion on or before July 7, 2011.

## BASIS FOR THE RELIEF REQUESTED

8. The Debtors submit that adequate cause exists for a reduction in the notice period required under Bankruptcy Rule 2002(a)(2) to allow the Cash Collateral Motion and Employee Wages Motion to be heard on or before July 7, 2011.

9. Fed. R. Bankr. P. 2002(a) generally requires the Debtors to provide 21 days notice by mail to the trustee and to creditors of "a proposed use, sale or lease of property of the estate other than in the ordinary course of business." Fed. R. Bankr. P. 2002(a)(2). However, Fed. R. Bankr. P. 2002(a)(2) also authorizes the Court to shorten the 21 day notice period and to direct another method of providing notice for "cause shown." Id.

10. Additionally, Fed.R. Bankr. P. 9006(c) grants this Court discretion to reduce the notice periods required under Fed. R. Bankr. P. 2002(a)(2) for "cause shown" with or without motion or notice. See Fed. R. Bankr. P. 9006(c). Fed. R. Bankr. P. 9006(c)(1) provides:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

11. Third, Fed. R. Bankr. P. 9007 provides:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

Fed. R. Bankr. P. 9007.

12. Finally, Local Bankruptcy Rule 9077-1(c) provides, in relevant part, that "[a] request for an order shortening time may be made *ex parte* and shall be supported by affidavit or an affirmation showing cause for such expedited relief and stating whether a previous application for similar relief has been made." Local Bankruptcy Rule 9077-1(c).

13. The Debtors urgently need the immediate use of Comerica's cash collateral (the "**Cash Collateral**"). The Debtors are required to fund payroll for its 1,181 employees on the night of Thursday, July 7, 2011, for issuance on Friday, July 8, 2011. Without access to Cash Collateral, the Debtors will be unable to make payroll, which may force the Debtors to cease operations and terminate all of their employees. Thus, the Debtors' ability to preserve and maximize the value of their assets for all creditors (secured and unsecured) will be critically impaired, and their ability to reorganize, will be substantially jeopardized absent authority to use the Cash Collateral and pay the employees.

14. Through the use of Cash Collateral, the Debtors will be able to pay their employees and maintain their operations as going concerns while protecting, preserving and maximizing the value of their assets for all creditors including Comerica.

15. The Debtors require the immediate use of Cash Collateral to fund their day-to-day operations in chapter 11. Indeed, absent such relief, the Debtors' businesses will be brought to an immediate halt, with damaging consequences for the Debtors, their estates and creditors. The interests of Comerica in the Cash Collateral will be protected by replacement liens in the Debtors' assets to the extent of any

diminution in the value of the collateral securing such liens and claims, as well as by the significant equity cushion Comerica enjoys.

16.     Without the use of the Cash Collateral, the Debtors will be unable to pay wages, rent, or utilities, or pay other expenses necessary to operate this business on a day-to-day basis, and would be required to immediately liquidate. If the Court approves the Cash Collateral Motion, the Debtors will also require an order authorizing continuation of the employee benefit contributions, necessitating a hearing on the Employee Wages Motion in conjunction with the Cash Collateral Motion. The liquidation of the Debtors at this juncture would not be in the interests of any party in these cases, including, particularly, Comerica. The use of Cash Collateral therefore is critical to prevent the abrupt discontinuation of the Debtors' operations and the liquidation of the Debtors' assets.

17.     Accordingly, the Debtors submit that adequate cause exists under Fed. R. Bankr.P. 9006(c) and 9007 to reduce the time periods set forth in Fed. R. Bankr. P. 2002(a)(2) and to allow the Debtors' to have the Cash Collateral Motion heard on shortened notice, on July 7, 2011.

## NOTICE WITH RESPECT TO THE INTERIM ORDER

18.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the 20 largest unsecured claims against the Debtors; (iii) counsel for the Debtors' secured lender, Comerica; (iv) counsel for the Union; and (v) all federal, state and local taxing authorities, recording offices or any other governmental authorities that have jurisdiction over the Debtors' businesses.

19. The Debtors submit that given their financial situation, the timing of the Debtors' chapter 11 petitions, and the Debtors' immediate need for authorization to use the Cash Collateral and pay the employees, an expedited hearing as contemplated by Bankruptcy Rule 4001(b) is warranted. The Debtors will provide notice of this Motion and the proposed interim order by overnight mail, fax or email (to the extent practicable) to the Office of the United States Trustee, counsel for Comerica, counsel for the Union; and Debtors' consolidated 20 largest unsecured creditors. The Debtors respectfully submit that such notice is sufficient and appropriate given the circumstances for the Court to schedule an emergent hearing at which the Debtors can seek the entry of the proposed Interim Order.

## NO PREVIOUS REQUEST

20. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto as **Exhibit A**, (a) limiting and shortening the notice period required under Fed. R. Bankr. P. 2002(a)(2) with respect to the proposed use, sale or lease of the Debtors' properties and (b) scheduling a hearing on the Sales Procedures Motion on or before July 7, 2011 and (c) granting such other and further relief as the Court deems just and proper.

Dated: July 6, 2011                Respectfully Submitted

/s/ Todd E. Duffy
Todd E. Duffy
Dennis J. Nolan
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Proposed Counsel to the Debtors and Debtors-in-Possession